**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | |
| ALFRED FRANK LEE | * | NO: 4:06CR00245   SWW |
| | * | |
| | * | |
| | * | |

**ORDER**

Before the Court is Defendant's motion to suppress (docket entry #22), seeking suppression of (1) evidence obtained pursuant to a search warrant and (2) a statement he gave police following his arrest.  The United States has responded (docket entry #23).  After careful consideration, and for the reasons that follow, the Court finds that a Defendant's motion should be denied, without prejudice, as to suppression of evidence obtained pursuant to a search warrant, and that Defendant's motion to suppress a statement he gave police should be set for an evidentiary  hearing.

Defendant is charged with possession with an intent to deliver a variety of illegal controlled substances, possession or use of a firearm in connection with a drug trafficking crime, and being a felon in possession of several firearms.  In support of his motion to suppress, Defendant alleges that on May 18, 2005, officers executed a search warrant for his home and found drugs and firearms.  Defendant states that the warrant was issued based on a false affidavit by a confidential informant, who stated that on May 3, 2005, he or she purchased drugs at Defendant's home.

To be entitled to an evidentiary hearing on the veracity of a search warrant affidavit, a defendant must make a substantial preliminary showing that includes specific allegations along with supporting affidavits or similarly reliable statements. *See Franks v. Delaware,* 438 U.S. 154, 171 (1978)("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.); *see also U.S. v. Williams,* 2007 WL 447935, *3 (8th Cir. Feb. 13, 2007). The United States asserts that Defendant has failed to make such a showing, and the Court agrees. Defendant merely alleges in his motion that "no one has ever sold drugs or bought drugs from his residence, and the affidavit is flawed." Docket entry #22, at 2. The Court finds that Defendant has failed to make the threshold showing required for a *Franks* hearing and, thus, the motion to suppress evidence resulting from the execution of a search warrant should be denied without prejudice.

Defendant also seeks to suppress a statement he gave officers after his arrest. He states that after execution of the search warrant on May 18, 2005, officers arrested him, and he "signed a statement which was not written by him." Docket entry #22, at 1. Defendant asserts that any statement the Government seeks to use against him was not knowingly, voluntarily, and intelligently given as he was "high on drugs" when he made the statement.

The Government responds that following the search of Defendant's residence and the discovery of drugs and guns, Defendant received *Miranda* warnings and admitted that he was responsible for the items found in the house, and he executed a written statement to that effect. The Government does not respond to Defendant's claim that he was under the influence of drugs

at the time he gave his statement. Although Defendant's allegations are general and conclusory, they are sufficient to warrant an evidentiary hearing, which will be set in a separate order.

IT IS THEREFORE ORDERED that the portion of Defendant's motion (docket entry #22) to suppress evidence obtained pursuant to a search warrant is DENIED WITHOUT PREJUDICE, and the portion of the motion concerning Defendant's statement warrants a hearing, to be set by separate order.

IT IS SO ORDERED THIS 9TH DAY OF MARCH, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE